UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-04037-SVW-CW | Date | June 3, 2014 |
|---|---|---|---|
| Title | ColFin AI - CA 5, LLC v. Rogelio Perez, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

   Plaintiff ColFin AI - CA 5, LLC filed an unlawful detainer complaint in the Los Angeles County Superior Court on July 1, 2013, against defendant Rogelio Perez and all tenants in possession of 10943 Kittridge Street, North Hollywood, California.  Defendant Perez has removed the case here, alleging federal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

   28 U.S.C. § 1441 governs removal jurisdiction.  There is a "strong presumption" against it. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, defendant bears the burden of establishing jurisdiction.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  He contends removal is proper in this case because the unlawful detainer complaint raises a question of federal law:  Whether "the subject property was improperly and illegally sold" because there was a bankruptcy stay in place when the foreclosure sale occurred.  (Notice of Removal at 1-2.)

   The Court takes judicial notice of the public docket and filings in Central District of California Bankruptcy Case No. 2:12-bk-49105-WB (In re Rogelio Perez), which was commenced on November 27, 2012 and closed on March 22, 2013.  The state court complaint here alleges that the foreclosure sale occurred on January 2, 2013, during the pendency of the bankruptcy case.  However, on January 10, 2013, the Bankruptcy Court dismissed the case and lifted the automatic stay because Perez did not appear for the initial meeting of creditors.  (BK ECF No. 18.)  On January 24, 2013, plaintiff moved for retroactive relief from the automatic stay.  (BK ECF No. 21.)  The Bankruptcy Court granted the motion on February 27, 2013.  (BK ECF No. 26.)  Thus, the Bankruptcy Court record refutes plaintiff's allegation that the foreclosure sale was illegal.

|   | : |   |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-04037-SVW-CW | Date | June 3, 2014 |
|---|---|---|---|
| Title | ColFin AI - CA 5, LLC v. Rogelio Perez, et al. | | |

## JS - 6

28 U.S.C. § 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Removal on this basis is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "A case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

Plaintiff's complaint states a single claim for unlawful detainer, which is purely a matter of California law. The face of the complaint thus reveals no basis for federal question jurisdiction. Even assuming that the Bankruptcy Court could not retroactively lift the automatic stay and that a violation of the stay constitutes a defense to the unlawful detainer action, the existence of this defense would not transmute plaintiff's cause of action into one "arising under" federal law. Nor is there any basis for removal pursuant to 28 U.S.C. § 1452(a). The bankruptcy case terminated before defendant removed this unlawful detainer action. The Court lacks jurisdiction over "a proceeding initiated subsequent to the dismissal of the bankruptcy case." *In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 547-48 (9th Cir. 2006).

Because this Court lacks jurisdiction over the subject matter of this case, the Clerk shall REMAND the case to the Los Angeles County Superior Court.

|  | : |
|---|---|
| Initials of Preparer | PMC |